11 JONES, Judge.
Appellant, Richard Hirstius, seeks review of the decision by the Civil Service Commission for the City of New Orleans (Commission) declining to adjust his pay rate. After transferring from the Historic Districts Landmarks Commission (HDLC) to the New Orleans Fire Department (NOFD), Mr. Hir-stius sought administrative relief from the Commission in an attempt to have his hourly pay rate increased. On March 21, 1997, the Commission declined to adjust his hourly pay rate.

FACTS

Richard Hirstius is an employee of the City of New Orleans. He was initially employed by the HDLC as a building inspector on June 18, 1990. In April 1993, Mr. Hirsti-us was promoted to senior building inspector. In late 1993, Mr. Hirstius passed the firefighter recruit entrance examination and was offered a position as a firefighter recruit for entry in the 1994 Firefighter Recruit Class which was scheduled to begin in March. On March 6, 1994, he resigned from the HDLC and on the following day began employment as a firefighter recruit with the NOFD.
hMr. Hirstius accepted the new position because he “always wanted to be a fireman.” However, he testified that the most important factor in his acceptance of the position was his understanding that as a firefighter he would be able to work more hours and receive his same rate of pay as in his previous position. When Mr. Hirstius resigned from HDLC he was earning $1,463 per month while working thirty-five (35) hours per week. Calculated as an hourly wage, Mr. Hirstius resigned from the HDLC earning $9.64 per hour.
A firefighter recruit’s base pay is $1,113 per month and the recruits are required to work forty-six (46) hours per week. The transfer did not affect Mr. Hirstius because he was able to keep his base pay of $1,463 per month. However, by working forty-six (46) hours per week and earning a base pay of $1,463 per month, Mr. Hirstius’ hourly pay rate was lowered to $7.33 per hour.
Mr. Hirstius appealed the NOFD’s refusal to increase his rate of pay to the Commission alleging that he was not informed of the difference’in the hourly rate of pay. He argued that he accepted the new position with the understanding that his base pay would not be reduced. He further maintained that his pay should be increased because building inspectors, his previous employment classification, have received a monthly pay raise.
On June 17,1996, a civil service hearing on the matter was held. On March 21, 1997, in its decision dismissing his appeal the Commission noted that it was “unfortunate” that Mr. Hirstius sustained a reduction in his hourly wages. However, the Commission ruled that Mr. Hirstius should have considered the implications of the transfer prior to accepting the new position.
On April 2, 1997, Mr. Hirstius applied for rehearing. The Commission, after reviewing *1073 the arguments, declined to disturb its original ruling dismissing Mr. Hirstius’ appeal.

\ DISCUSSION

Mr. Hirstius argues that upon transferring from the HDLC to the NOFD he was not informed of the difference in the hourly wages. He admittedly accepted the new position with the understanding that his monthly salary would not be reduced by the transfer. The facts of this case.clearly show that Mr. Hirstius’ monthly pay remained the same after the transfer. Furthermore, the testimony from New Orleans Civil Service officials revealed that Mr. Hirstius, as a fire recruit earned more than other fire recruits.
Mr. Richard Carter, Assistant Division Chief of Classification and Compensation for the Civil Service Commission testified that Mr. Hirstius had taken a voluntary demotion. He explained that this occurs when an employee transfers from a classification with one pay range to a classification with a lower pay range. Mr. Carter further explained that when Mr. Hirstius transferred, it was Civil Service policy to allow an employee who takes a voluntary demotion the opportunity to keep his base pay. In this case Mr. Hirstius was informed that his base pay would not be reduced.
Mr. Hirstius was not explicitly informed that his hourly wage would be reduced, had he performed a more extensive analysis of the circumstances it would have revealed the temporary hourly wage reduction. However, he was aware of his monthly earnings at HDLC. He also knew that his monthly earnings at HDLC were based oh a thirty-five (35) hour work week. He testified that he was aware that he would be working more hours. Mr. Hirstius claimed that the possibility of working more hours “enticed” him to the fire department.
When questioned as to whether he had seen a Civil Service announcement for the firefighter recruit position, Mr. Hirstius answered that he had. He further responded that the announcement listed the necessary qualifications and amount of pay. Finally Mr. Hirstius testified that the pay listed in the announcement was a |4monthly based salary. Although Mr. Hirstius was not explicitly informed that his hourly pay would be reduced, he clearly had the information necessary to perform the calculations.[1]
Mr. Hirstius’ primary argument centers on the reduction in his hourly pay. However, Mr. Hirstius seems to have misunderstood the implications of the voluntary transfer. Mr. Hirstius argues that he was guaranteed he would receive the same base pay after the transfer to the NOFD. Mr. Hirstius suggests that the guarantee arose from negotiations involving his hourly rate of pay. However, the record is void of any testimony suggesting that the guarantee was based on any established pay rate other than a monthly amount.
The Civil Service Commission ruled that the NOFD had not misrepresented Mr. Hir-stius’ pay rate. We agree. Mr. Hirstius was clearly aware that the Commission established wages as a monthly figure. Furthermore, Mr. Hirstius failed to produce any evidence that he had negotiated his hourly pay rate with NOFD officials. Mr. Hirstius’ claim that he was misled and is therefore entitled to a pay raise is unsubstantiated.
Upon transferring from the HDLC to the NOFD Mr. Hirstius’ monthly pay rate remained the same. Although he worked more hours per week after the transfer, he had been informed of the number of hours fire recruits were required to work. Additionally, Sandra Gauthier, Payroll Supervisor for the NOFD, testified that firefighter recruits are promoted to firefighters after twenty (20) weeks at which time their base pay surpasses that of, a building inspector.[2]
| ¡Although it was unfortunate that Mr. Hirstius sustained a temporary reduction in his hourly wages, this Court finds no evidence of any misrepresentations made by the NOFD. We agree with the Commission’s determination that Mr. Hirstius misunderstood the implications of the voluntary demotion. *1074 Therefore, the Commission’s ruling will not be disturbed.
Mr. Hirstius’ final argument is that his pay-should be increased because the building inspectors for HDLC, his former classification, have received a monthly increase. We agree with the Civil Service Commission that since Mr. Hirstius is no longer employed as a building inspector with HDLC he is not entitled to receive a pay raise based on their hourly rate of pay.-

DECREE

For the foregoing reasons, the judgment of the Civil Service Commission is affirmed.

AFFIRMED.

. Mr. Hirstius testified that he did not calculate his hourly pay rate until after he received his first paycheck.

. Richard Hirstius- was promoted to Firefighter August 10, 1995.